IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE, #326-514
          Plaintiff      :

   v.      :   CIVIL ACTION NO. CCB-06-2309

WARDEN      :
          Defendant

**MEMORANDUM**

On September 1, 2006, plaintiff Warren Chase, then incarcerated at the Maryland Correctional Adjustment Center ("MCAC"), filed correspondence seeking injunctive relief and alleging that he had been denied appropriate medical treatment for injuries received during an August 28, 2006, melee involving correctional officers. Because the allegation of denial of medical care raised a claim of constitutional dimension,[1] the Office of the Maryland Attorney General was ordered to respond to the motion, which was docketed as a civil rights action filed pursuant to 42 U.S.C. § 1983. The response demonstrated that plaintiff was provided appropriate care and accordingly, the request for injunctive relief was denied. (Paper Nos. 4 and 5).

Thereafter, plaintiff filed an amended complaint, again seeking injunctive relief [2] and claiming inadequate medical care and naming a number of correctional officers and other prison staff who allegedly participated in the August 28, 2006, incident or in its aftermath were responsible for plaintiff's care. (Paper No. 7). The case is now before the court on an unopposed [3] motion to

---

[1] Deliberate indifference to serious medical needs may constitute a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[2] Plaintiff has been transferred from MCAC to a federal correctional institution in Massachusetts. His claim for injunctive relief requiring MCAC to provide him additional medical treatment is therefore moot.

[3] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk on January 25, 2007, informed plaintiff that a dispositive motion had been filed, that plaintiff had seventeen days in which to file written opposition to the motion, and if plaintiff failed to respond, the case could be dismissed without further notice. Paper No.16. Plaintiff requested and received additional time to file a response, but has failed to do

dismiss filed on behalf of MCAC's Warden.[4]  (Paper No. 6).  No hearing is needed to resolve the Eighth Amendment issue raised in this case.  *See* Local Rule 105.6 (D. Md. 2004).

The parties do not dispute that on August 28, 2006, plaintiff assaulted and injured a female corrections officer, and in turn was subjected to force and restraint resulting in injury.  Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies.  *See  Woodford v. Ngo*, 126 S.Ct. 2378, 2382-83 (2006) (exhaustion of administrative remedies is mandatory and must be proper);  *Porter v. Nussle*, 534 U.S. 516, 542 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Plaintiff, however, has failed to exhaust the full range of remedies available to him through the Maryland Division of Corrections' Administrative Remedy Process ("ARP").[5]

Plaintiff's failure to exhaust available administrative remedies defeats his lawsuit.  Accordingly, a separate Order shall be entered denying injunctive relief, granting defendant's motion to dismiss, and closing this case.

     April 6, 2007     
         Date

                  /s/                  
            Catherine C. Blake

---

so.  Paper Nos. 18, 19, 20 and 21.

[4]      Plaintiff has filed a "motion for temporary restraining order" (Paper No. 6) requesting the preservation of videotapes of his confrontation with corrections officers.  The motion, construed as a request to preserve evidence, is denied, for reasons apparent herein.  His motion for a temporary restraining order and/or for a preliminary injunction seeking transfer from MCAC (Paper No. 13) is moot, it appearing that plaintiff has in fact been transferred to an out-of-state prison.

[5]      Attached to the complaint is plaintiff's initial ARP filed with the Warden.  If unsuccessful at the institutional level, a Maryland prisoner must appeal the denial of an ARP to the Commissioner, and if unsuccessful there, must seek redress before the Inmate Grievance Office, *See* Division of Correction Directive 185-001, *et seq.*

United States District Judge